[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ann Ippolito, whose maiden name was Ann Mihalek, and the defendant were intermarried on January 18, 1984 in Shelton, Connecticut.
The plaintiff has resided continuously in the State of Connecticut for one year prior to the filing of this complaint.
There have been no children born to the plaintiff since the date of said marriage.
Neither party to this action is a recipient of any State or Municipal aid.
The marriage of the parties has broken down irretrievably without any possibility of reconciliation.
In this action the plaintiff is seeking a divorce based upon the defendant's immoral conduct with a woman who later was begotten with child. The time of conception is not defined but appears to be of little importance as he admits paternity.
The plaintiff had a minor daughter from a previous marriage who lived with the parties. The plaintiff alleges that the daughter claimed to be molested by her step-father. The allegations were not proven and the step-father vehemently denies the allegation. However, in later years, the daughter attended college and the step-father paid the tuition and purchased her a new vehicle.
The defendant husband alleges the wife had an alcoholism problem and would not consent to sex.
During the marriage the defendant was involved in a tremendous disaster. An explosion caused by a gas leak destroyed an entire property. As a result of the accident the defendant suffered many severe injuries. As a result of sixteen operations he survived CT Page 7786 with permanency to his legs, entire body and became blind in one eye.
This action was settled for $2,926,000 which included a payback to worker's compensation and $75,000 was awarded to the plaintiff for loss of consortium.
The plaintiff wife indicated the control of money was under the husband's direction. However, there appears to be no claim of willing to give the plaintiff money and the resources at that time appear limited.
During the marriage and with the settlement of the tort action the plaintiff received a three carat ring, a new expensive car, other jewelry, vacation trips and cash exceeding $2,000 dollars.
The marriage was on January 18, 1984 and the parties were separated on March 31, 1992.
During the recovery process after the explosion, the plaintiff wife did administer aid to the defendant during the convalescent period of over three months.
Judgment of dissolution is granted. Both parties admit the marriage is beyond reconciliation and there is an irretrievable breakdown.
Alimony is granted to the plaintiff in the amount of $400 dollars per week for a period of 8 years. The amount is nonmodifiable. It can be terminated upon death of either party, remarriage by the plaintiff, or immoral conduct as defined under the Connecticut General Statutes.
Counsel fees are awarded in the amount of $3,500 dollars for the defendant to pay to the plaintiff.
Plaintiff is also entitled to some compensation. It was an eight year marriage and she is entitled to compensation for the care he received during his convalescence.
The plaintiff claims she has permanency of the leg from an injury which occurred during her teens. The injury has persisted and does limit her work activity. She faces additional medical expenses. CT Page 7787
The plaintiff is entitled to recover $75,000 dollars from the settlement plus interest at 6 percent from the date of settlement. Plaintiff is also entitled to $40,000 dollars for damages from the defendant.
The defendant will also maintain medical insurance for the plaintiff, not including dental coverage, for the period under the COBRA Act.
Judgment for the plaintiff.
1. Dissolution is granted.
2. Alimony is awarded in the amount of $400 per week for 8 years.
3. Counsel fees are awarded in the amount of $3,500.00.
4. Damages are awarded in the amount of $75,000.00 plus interest at 6 percent, plus $40,000.00 additional damages.
5. Medical coverage is hereby ordered, not including dental coverage, for the period under the COBRA Act.
Philip E. Mancini, Jr. State Trial Referee